NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OLIVERO GONZALEZ and CAROL
PERDOMO,

        Appellants,

v.

HOMEWISE PREFERRED
INSURANCE COMPANY and
FLORIDA INSURANCE GUARANTY
ASSOCIATION,

        Appellees.

Case No. 2D15-425

Opinion filed February 15, 2017.

Appeal from the Circuit Court for
Hillsborough County; Charles E. Bergmann,
Judge.

Kimberly Hendee, Michael V. Laurato, and
Hannah Austin of Austin & Laurato, P.A.,
Tampa, for Appellants.

G. William Bissett, Jr. of the Law Firm of
Kubicki Draper, P.A., Miami, for Appellee,
Homewise Preferred Insurance Company.

No appearance for Appellee, Florida
Insured Guaranty Association.


SLEET, Judge.

Oliver Gonzalez and Carol Perdomo challenge the trial court's order dismissing with prejudice their breach of insurance contract action as to the Florida Insurance Guaranty Association (FIGA). Because an insured who has already instituted an action against his or her homeowner's insurance carrier prior to the carrier being declared insolvent is not statutorily required to file a new action against FIGA or separately serve FIGA in the pending action, we reverse.

In 2009, Gonzalez and Perdomo timely filed a cause of action for breach of insurance contract against their homeowner's insurance carrier, Homewise Preferred Insurance Company, and the case was set for jury trial. However, in 2011 Homewise became insolvent, and pursuant to section 631.67, Florida Statutes (2011), the proceedings were automatically stayed for six months "to permit proper defense by [FIGA]." During the stay, FIGA notified Gonzalez and Perdomo that it had assumed their claim and had assigned it to an adjuster. FIGA also advised them that the deadline for filing suit against it was the one-year statutory period set forth in section 631.68. Gonzalez and Perdomo subsequently moved to amend their complaint to substitute FIGA for Homewise as the defendant. The trial court granted the motion and ordered Gonzalez and Perdomo to serve FIGA with process.

The one-year statutory deadline that FIGA gave Gonzalez and Perdomo for instituting a new lawsuit against it expired without their effecting service upon FIGA. FIGA's counsel then made a limited appearance and filed a motion to dismiss this action. The trial court granted FIGA's motion to dismiss, interpreting section 631.68 to require that when FIGA assumes the defense of a covered claim, an insured who has already filed a timely lawsuit against its homeowner's insurance carrier must file a new

- 2 -

lawsuit against FIGA within section 631.68's one-year filing period or be forever barred. This appeal ensued.

On appeal, Gonzalez and Perdomo argue that the trial court erred in granting FIGA's motion to dismiss for lack of jurisdiction because section 631.68 only applies to new lawsuits filed against FIGA after an insurer is declared insolvent. They maintain that the statute is inapplicable here because they instituted their suit against Homewise prior to insolvency and such suit was still pending at the time of insolvency. We agree.

Chapter 631, part II, known as the "Florida Insurance Guaranty Association Act," § 631.50, created FIGA in part to "[p]rovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer," § 631.51(1). The Act expressly states that it is to be liberally construed to achieve its purpose. § 631.53.

When an insurer is declared insolvent, FIGA is "deemed the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties, defenses, and obligations of the insolvent insurer as if the insurer had not become insolvent." § 631.57(1)(b). As such, the Act contemplates that FIGA will step into the shoes of the insolvent insurer. Therefore, in cases where the insolvent insurer is already the defendant in a pending lawsuit, FIGA becomes the defendant in that pending lawsuit. To that end, section 631.67 of the Act explicitly states that it applies to pending proceedings and automatically stays those proceedings for a period of six months. Id. ("All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court or before any quasi-judicial body or administrative board in

this state shall be stayed for [six] months . . . ."). The Act also automatically extends to FIGA certain rights that only a party to those pending proceedings would have, including the right to "apply to have any judgment, order, decision, verdict, or finding based on the default of the insolvent insurer or its failure to defend an insured set aside . . . and . . . to defend against such claim on the merits." Id. Accordingly, in cases where a lawsuit is pending at the time of insolvency, FIGA becomes the party defendant by operation of statute and there is no need for the filing of a new lawsuit against FIGA or for FIGA to be separately served in the pending lawsuit.

We therefore must conclude that the reliance by FIGA and the trial court on section 631.68 as a bar to the instant action is misplaced. Section 631.68 is entitled "Limitation; certain actions" and states as follows:

> A covered claim as defined herein with respect to which settlement is not effected and suit is not instituted against the insured of an insolvent insurer or the association within [one] year after the deadline for filing claims, or any extension thereof, with the receiver of the insolvent insurer shall thenceforth be barred as a claim against the association and the insured.

This section addresses instances where no lawsuit was filed before the insurer was declared insolvent. Such is not the case here. Gonzalez and Perdomo filed their lawsuit against Homewise prior to the declaration of insolvency. Upon the declaration of Homewise's insolvency, FIGA statutorily became Gonzalez and Perdomo's insurer, having the duty to defend against their first-party lawsuit as if Homewise had not become insolvent. See § 631.57(1)(b). As such, Gonzalez and Perdomo were not required to file a new lawsuit against FIGA or to even move to substitute FIGA as a party and serve process upon it in their pending lawsuit.

Our conclusion is in line with the Third District's recent opinion in Florida Insurance Guaranty Ass'n v. Mendoza, 193 So. 3d 940 (Fla. 3d DCA 2016), a case that is factually indistinguishable from the instant case. Like Gonzalez and Perdomo, Ms. Mendoza filed a first-party breach of contract action against her insurance carrier based on a coverage dispute. Her insurer subsequently was declared insolvent. FIGA then began negotiating a settlement with Mendoza. Ultimately, Mendoza filed a motion to substitute FIGA for her insolvent insurer as the first-party defendant in her still pending lawsuit. FIGA responded by filing a limited appearance to contest the trial court's jurisdiction, arguing that the trial court lacked jurisdiction because Mendoza's motion to substitute was filed after the statute of limitations governing claims against FIGA had already run. The trial court disagreed with FIGA and granted Mendoza's motion to substitute.

On appeal, the Third District looked at the entire "statutory scheme [of chapter 631] governing insolvent insurers[] and the role of FIGA in that scheme." Id. at 943. Specifically, the court pointed out that "Mendoza's substitution motion merely reflected what had already occurred by operation of section 631.57(1)(b) when [the insurer] was declared insolvent." Id. at 944. The court also noted the automatic stay provided by section 631.67, as well as its stated purpose of permitting a proper defense by FIGA of all pending causes of action on covered claims and that the statute "allows FIGA to request from the trial court that the stay be enlarged, shortened[,] or waived." Id. Noting that "[s]ection 631.68 must be read in harmony with section 631.67, and all other related provisions of chapter 631, in order that the objectives of each of the chapter's provisions not be sacrificed," id. at 945, the Third District concluded that "FIGA's interpretation of section 631.68 would impair those specific [sections of chapter

631] that address pending cases," id. at 944. The court therefore concluded that "[s]ection 631.68 bars suits that have not yet been filed (in other words, non-pending [sic] lawsuits) from being filed more than one year beyond the deadline for filing claims with the receiver for the insolvent insurer." Id.

We agree with the Third District's reasoning in Mendoza and its conclusion that "[n]othing in chapter 631 contemplates the necessity for the plaintiff in a pending first-party lawsuit either to bring a new action against FIGA, or separately to serve FIGA in the pending action, in order for the trial court to obtain jurisdiction over FIGA." Id. at 946. Accordingly, we must reverse the trial court's order dismissing Gonzalez and Perdomo's lawsuit and remand with instructions that the trial court reinstate their action against FIGA.

Reversed and remanded.

LaROSE and SALARIO, JJ., Concur.